UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED OXLEY, JR.

VERSUS

MAMMOET USA SOUTH, ET AL

CIVIL ACTION

NUMBER 14-616-JWD-SCR

**RULING ON MOTION FOR RECONSIDERATION**

Before the court is the plaintiff's Unopposed Motion for Reconsideration and in the Alternative Motion for Extension of Deadlines.  Record document number 29.

Plaintiff, now represented by counsel, filed this motion on November 13, 2015 asking the court to reconsider extending the Scheduling Order deadlines.  Specifically, the plaintiff wants to extend the now-expired November 13, 2015 deadline to complete fact discovery to February 13, 2016, and to extend the current December 15, 2015 deadline for filing dispositive motion to March 15, 2016.  These deadlines were set in the Scheduling Order issued on February 16, 2015, following a scheduling conference attended by both the plaintiff and the defendants' attorney.[1]

Rule 16, Fed.R.Civ.P., requires a showing of good cause to extend a scheduling order deadline.  Furthermore the Scheduling Order specifically reminded the parties of this requirement:

Joint, agreed or unopposed motions to extend scheduling

---

[1] Record document number 16.

order deadlines will not be granted automatically.  **All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P.**[2]

This motion does not contain information sufficient to find good cause to extend any Scheduling Order deadline.

The basis for the motion is that counsel for the plaintiff enrolled only recently,[3] counsel was "not specifically aware of all deadlines" before enrolling, investigation is still being conducted and significant discovery is still needed.[4]  The motion does not describe any discovery conducted, or even attempted, by the

---

[2] Record document number 16, p. 3 (emphasis added).

[3] Counsel enrolled for the plaintiff on November 12, 2015. Record document numbers 27 and 27.

[4] The motion refers to conducting expert discovery.  Record document number 29, p.1, ¶ 3.  At the scheduling conference the plaintiff and counsel for the defendant did not anticipate relying on expert testimony.  Record document number 16, Scheduling Order, pp. 1-2.  The Scheduling Order provided as follows:
> Should the plaintiff or the defendants later decide to rely on expert testimony, the opposing party and the court shall be promptly notified, which shall not be later than the deadline for completing fact discovery, so that the scheduling order can be amended to add dates for identification of expert witnesses, exchange of expert witness reports, and completion of expert discovery.

*Id.*  Other than this motion, the court did not receive any notice that the plaintiff decided to rely on expert testimony.  The motion does not indicate what kind of exert testimony the plaintiff intends to rely on, and does not suggest any deadlines for identifying expert witnesses, producing expert witness reports and completing expert discovery.  If proposed deadlines were not included in the motion because the plaintiff is not going to rely on expert testimony, then the statement in the motion indicating that he will is misleading.

plaintiff during the **nine** months since the Scheduling Order was issued.  The motion does not explain why counsel for the plaintiff was "not specifically aware of all deadlines" before enrolling.  A copy of the Scheduling Order was sent to the plaintiff, and the record was available for counsel's review.

The record supports finding that the plaintiff did not diligently - or in any way - pursue his discovery, delayed enrolling counsel until one day before the fact discovery completion deadline, and now wants to use the excuse of recently-enrolled counsel to extend the Scheduling Order deadlines.  This is not good cause.

As was explained to the defendants in the Ruling on Motion to Continue Deadlines,[5] plaintiff's predicament is his own fault, too.  The Scheduling Order deadlines took into account that the plaintiff was representing himself.  If he is prejudiced because he will not be able to conduct discovery he feels he needs, it is because he failed to use the ample time allowed by the Scheduling Order to conduct that discovery.

The court notes that Local Rule 23(d)(1) allows the parties to conduct unopposed discovery after the applicable deadline in the Scheduling Order has expired, provided that the discovery does not delay other pretrial preparations or the trial date.  Since both

---

[5] Record document number 25.

sides apparently want to conduct discovery after the deadline for completing discovery, counsel for the plaintiff and the defendants may want to confer regarding conducing discovery by agreement as it may be mutually advantageous to their clients to do so.

Accordingly, plaintiff's Unopposed Motion for Reconsideration and in the Alternative Motion for Extension of Deadline, is denied.

Baton Rouge, Louisiana, November 24, 2015.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE